UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ACCELERANT SPECIALTY INSURANCE COMPANY,

*Plaintiff,*

-against-

BIG APPLE DESIGNERS, INC.

*Defendant.*

24-CV-7793 (ARR) (RML)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Accelerant Specialty Insurance Company ("ASIC") brings this action to rescind coverage and recover damages from its insured, Big Apple Designers, Inc. ("Big Apple"). *See* Compl. ¶¶ 89–123, ECF No. 1. On December 26, 2024, the Clerk of Court entered a certificate of default against Big Apple based on its failure to appear or otherwise defend [the] action." ECF No. 8; Fed. R. Civ. Pro. 55(c). Before me is Big Apple's motion to vacate the certificate of default and extend the deadline for filing its response. Def.'s Mem. in Support of Mot. to Vacate Default, ECF No. 11-1 ("Def.'s Mem."); Pl.'s Mem. in Opp'n to Mot. to Vacate, ECF No. 14 ("Pl.'s Opp'n"); Def.'s Reply in Support of Motion to Vacate Default, ECF No. 16 ("Def.'s Reply"). For the following reasons, the motion is granted.

## BACKGROUND

ASIC is an Arkansas insurance company authorized to offer insurance policies in New York. Compl. ¶ 3. Big Apple is a Brooklyn-based construction company. Def.'s Mem. at 3. In June 2022, Big Apple applied for and obtained two commercial insurance policies from ASIC, effective July 24, 2022 to July 24, 2023. Compl. ¶¶ 6, 37–38. As part of its application, Big Apple made several representations regarding its criminal history that ASIC alleges were

1

inaccurate. *Id*. ¶¶ 7–14. Specifically, ASIC alleges that Big Apple improperly failed to disclose that it had been indicted for insurance fraud earlier that year. *Id*. ¶¶ 16–21. ASIC avers that it "would not have issued the [policies]" if the indictment had been disclosed. *Id*. ¶ 42.

Upon learning of the indictment, ASIC filed this action on November 8, 2024, seeking to rescind the policies and recover damages. ECF No. 1. ASIC did not request waiver of service, Pl.'s Opp'n 4–5. To effectuate service, ASIC personally delivered two copies of the Complaint to the New York Secretary of State on November 19, 2024, in accordance with New York law. *See* N.Y. Bus. Corp. Law § 304(a) (designating the secretary of state as an "agent for service of process" for all domestic corporations); *id*. § 306(b)(i) (setting forth process for effectuating service through the secretary of state); Fed. R. Civ. P. 4(h)(1)(B). The New York Secretary of State then sent a copy of the Complaint to Big Apple on December 5, 2024, and it was received "several days later." Def.'s Mem. at 5. Due to an error in the company's mail sorting process, however, the Complaint was routed to Big Apple's claims-handling service and not immediately flagged "for urgent review" by the company's own lawyers. Def.'s Ex. 1, Decl. of Benjamin D. Tievsky ¶ 32 (ECF No. 11-2) ("Tievsky Decl."). Big Apple's counsel, Benjamin Tievsky, did not become aware of the lawsuit until December 24, 2024—after Big Apple's response deadline had already passed. *Id*.; Def.'s Mem. at 6. By that time, ASIC had already requested a Certificate of Default. ECF No. 7.

Upon learning of the lawsuit on December 24, 2024, Mr. Tievsky immediately contacted ASIC's attorney, Joanna Roberto, to explain the situation and request her consent for extension of the time to file a responsive pleading. *Id*. ¶ 28. Ms. Roberto did not immediately respond. After the certificate of default was granted by the Clerk of Court, on December 17, 2024, Mr. Tievsky again emailed Ms. Roberto requesting Big Apple's consent to set aside the default and

2

extend the response deadline. *Id*. ¶¶ 30, 34–35. Ms. Roberto responded that day and indicated that she could not consent to anything without speaking to her client. *Id*. ¶ 36. On December 30, 2024, Ms. Roberto indicated that ASIC was "willing to agree to accept an untimely answer" but would not agree to an extension time to file a pre-motion answer. *Id*. ¶ 39. *See* Def.'s Ex. 8, Email Exchange between Benjamin Tievsky and Joanna Roberto (ECF No. 11-10).

On December 31, 2024, Big Apple filed the present motion to vacate the certificate of default and extend the deadline for responding to the Complaint. Def.'s Mem. at 1. ASIC filed a brief in partial opposition to the motion, indicating that it consents to the late filing of an answer, but arguing that Big Apple should not be permitted to file a late motion to dismiss because it has not demonstrated that the delay was a result of excusable neglect. Pl.'s Opp'n 2–3. On January 21, 2025, Big Apple filed a Reply indicating that, upon further review of the Complaint, it does not intend to file a motion to dismiss. Def.'s Reply at 1.

## DISCUSSION

### I. There is Good Cause to Set Aside the Default.

Rule 55(c) of the Federal Rules of Civil Procedure provides that I may "set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Second Circuit has identified "three criteria that must be assessed" to decide whether there is good cause. *Bricklayers and Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (citation and quotations omitted). Those criteria are: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Id*. Having considered these factors, I conclude there is good cause to set aside the default.

First, the record demonstrates that the default was not willful, and was caused by an inadvertent error in Big Apple's mail sorting. Def.'s Mem. at 8–9. "Willfulness means conduct

3

beyond mere negligence or carelessness." *Templos v. Luna Cuisine, Inc.*, No. 21-CV-694 (KAM) (TAM), 2024 WL 3188964, at *4 (E.D.N.Y. June 27, 2024).

Second, Big Apple has identified several specific defenses that may, if proven, defeat the recission action. Def.'s Mem. at 12. I am, of course, unable to assess the strength of Big Apple's evidence at this juncture. But Big Apple has satisfied its obligation to "present more than conclusory denials" of ASIC's allegation, which is all that is required at this stage. *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2001).

Finally, there is clearly no prejudice, which, for the purpose of Rule 55(c), is defined is measured in terms of the impact of delay on the plaintiff's case. *See United States v. Veeraswamy*, No. 23-CV-9379, 2024 WL 5036483, at *7 (E.D.N.Y. Dec. 9, 2024). Here, the delay is negligible, as less than month passed between Big Apple's deadline to respond and its filing of this motion. Further, ASIC has expressly indicated that it consents to setting aside the default and describes that portion of the motion as "moot." Pl.'s Opp'n at 2.

## II.     The Deadline to File a Response is Extended.

Having granted the motion to vacate the default, it follows that Big Apple's deadline to respond to the Complaint must be extended as well. I reject ASIC's argument, Pl.'s Opp'n at 3, that I should limit the type of responsive pleading that Big Apple is allowed to file. While the conflict set forth Big Apple's initial memorandum is now moot, *see* Def.'s Reply at 2, I decline to endorse ASIC's attempt to impose restrictions on the form and substance of Big Apple's response.

The request for an enlargement of time to respond to the Complaint, whether by answer, or by pre-answer motion, is granted. Big Apple may file its response in accordance with my individual rules within twenty-one (21) days of this order.

4

## CONCLUSION

For the foregoing reasons, Big Apple's motion is granted in its entirety. The entry of default is hereby vacated and the deadline for Big Apple to respond to the Complaint by answer or pre-motion letter is February 12, 2025.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:	January 22, 2025
	Brooklyn, New York