UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCELERANT SPECIALTY INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>-against-<br><br>BIG APPLE DESIGNERS, INC.,<br><br>*Defendant*. | 24-CV-7793 (ARR) (RML)<br><br>NOT FOR ELECTRONIC<br>OR PRINT PUBLICATION<br><br>**OPINION & ORDER** |

ROSS, United States District Judge:

Before the court is a motion by Houston Casualty Company ("HCC") to intervene as of right and, in the alternative, through permissive intervention in this insurance action brought by plaintiff Accelerant Specialty Insurance Company ("Accelerant") against defendant Big Apple Designers, Inc. ("Big Apple"). For the reasons that follow, the motion to intervene is granted.

## BACKGROUND

The court assumes familiarity with the background of this case. In short, Accelerant seeks a declaratory judgment that the insurance policies issued by Accelerant to Big Apple (the "Accelerant Policies") are invalid and do not create a duty to defend or indemnify Big Apple in several personal injury actions currently pending in New York State Supreme Court. *See* ECF No. 1 ("Complaint").

On November 27, 2023, Accelerant issued a disclaimer letter to Big Apple, claiming that the insurance policies were *void ab initio* based on Big Apple's allegedly material misrepresentation on its insurance application. *Id.* ¶ 48. Prior to Accelerant's disclaimer of coverage, Big Apple was named or added as a defendant in twelve personal injury actions. *Id.* ¶¶ 52–88. Each of those actions alleges that the plaintiff was injured during the course of his or her

1

employment at various construction projects in New York during the effective period of the Accelerant Policies. *Id.* Accelerant is currently providing Big Apple defense coverage under the Accelerant Policies in the underlying actions in accordance with the terms of its disclaimer of coverage. *Id.* ¶ 52.

Accelerant commenced the instant action on November 8, 2024, asserting three claims for relief. First, Accelerant claims that Big Apple breached the Accelerant Policies by providing material misrepresentations in its application for insurance, and seeks a declaratory judgment that it owes no obligation to Big Apple under the policies. Compl. ¶¶ 89–96. Second, Accelerant claims that it is entitled to rescission of the Accelerant Policies based on the alleged misrepresentations, and seeks a declaratory judgment that the Accelerant Policies were *void ab initio*. *Id.* ¶¶ 97–110. Third, Accelerant asserts a claim for unjust enrichment against Big Apple. *Id.* ¶¶ 111–23. On February 28, 2025, Big Apple filed its answer to Accelerant's complaint. Answer, ECF No. 21. On June 10, 2025, Big Apple filed a motion for judgment on the pleadings. ECF No. 39. I denied the motion on August 5, 2025. ECF No. 50.

On February 28, 2025, intervenor defendants M&R and Continental filed a motion to intervene in this action. ECF No. 22. M&R, as a defendant in at least one of the underlying personal injury actions such as *Pedro Remigio Marquez Yunga v. Archer 1 LLC, M&R Construction Group Inc and Core Scaffold Systems Inc.*, asserted that it is entitled to coverage from Accelerant as an additional insured. *See* ECF No. 22-1 at 1; Compl. ¶¶ 81–83. Continental, as M&R's insurer, sought reimbursement and contribution from Accelerant of defense costs that Continental has paid on M&R's behalf. *Id.* On August 6, 2025, I granted M&R and Continental's motion to intervene. ECF No. 51 ("Intervene Op."). I concluded that M&R and Continental were entitled to intervention as a matter of right under Fed. R. Civ. P. 24(a)(2) because the parties had an interest in the action,

2

that their interests would be impaired absent intervention, and that their interests were not being adequately represented because they did not share the same ultimate objective as defendant Big Apple. *Id.* at 7–13. I also found that interests of judicial economy and the risk of inconsistent judgments weighed in favor of allowing for permissive intervention under Fed. R. Civ. P. 24 (b)(2). *Id.* at 13–14.

As relevant to the instant motion for intervention, one of the other underlying personal injury actions is *Jessica Alexandra Abarca Fajardo v. Archer 1 LLC, Shorewood Real Estate Group LLC and M&R Construction Group Inc.*, Index No. 150919/2023, New York Sup. Ct. County of New York (the "Fajardo Action"). Compl. ¶ 68; ECF No. 53-2. There, the plaintiff brought suit against defendants Archer 1, LLC, Shorewood Real Estate Group LLC and M&R Construction Group ("Archer Parties") alleging that she suffered bodily injury during the course of her employment at a construction project. *Id.* ¶¶ 69–70. The Archer Parties impleaded Big Apple as a third-party defendant. *Id.* The Archer Parties also impleaded Accelerant, seeing coverage as additional insureds under the Accelerant Policies based upon a contractual obligation of Big Apple. *Id.* ¶ 71.

HCC, as the insurer of the Archer Parties, now seeks intervention in this action. *See* ECF No. 53-1 ("Mot."). It alleges that Big Apple was hired by M&R as its subcontractor for the construction project underlying the Fajardo Action. *See* Mot. at 2. HCC maintains that the subcontract requires Big Apple to defend and indemnify the Archer Parties in this personal injury action, and that the Archer Parties qualify as additional insureds under the Accelerant Policies. *Id.* at 3; Subcontract, ECF No. 53-3. In a letter dated March 7, 2023, the Archer Parties sought coverage from Accelerant in the underlying Fajardo Action. Mot. at 3; ECF No. 53-4. Accelerant refused to provide coverage to the Archer Parties, claiming that the Accelerant Policies were

3

rescinded due to Big Apple's misrepresentations. Mot. at 3; ECF No. 53-5. As a result, the Archer Defendant's primary insurer, HCC, has defended them in the underlying Fajardo Action. *Id.* On June 23, 2025, the Archer Parties filed a declaratory judgment action against Accelerant in New York State Supreme Court, County of New York. *See* Mot. at 3.

## DISCUSSION

HCC seeks to intervene on the ground that rescission of the policies Accelerant issued to Big Apple (the "Accelerant Policies") would directly impact HCC's rights under the policy. Mot. at 4–5. HCC asserts that its policyholders each qualify as an "additional insured" under the Accelerant Policies and is therefore entitled to intervene as a matter of right in order to protect its interests. *Id.* at 1–2.

To establish intervention as of right pursuant to Rule 24(a)(2), an intervenor must show that "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *XL Specialties Ins. Co. v. Lakian*, 632 F. App'x 667, 669 (2d Cir. 2015) (summary order) (quoting *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006)). Failure to satisfy any one of these four requirements is a sufficient ground to deny the application. *See R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006).

HCC has satisfied each requirement. To begin with, its motion is timely. The timeliness requirement, in the Rule 24(a)(2) context, is "flexible" and "entrusted to the district court's sound discretion." *CWCapital Cobalt Vr Ltd. v. U.S. Bank Nat'l Ass'n*, 790 F. App'x 260, 263 (2d Cir. 2019) (summary order) (quoting *Floyd v. City of New York*, 770 F.3d 1051, 1058 (2d Cir. 2014)).

Relevant considerations include "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). Here, HCC filed its motion to intervene less than two weeks after I granted Continental and M&R's motion to intervene. *See* ECF No. 51. Furthermore, fact discovery is not to be completed until May 19, 2026. *See* Docket Order dated November 18, 2025. HCC's intervention motion was thus timely. *See*, *e.g.*, *Kosachuk v. Selective Advisors Grp., LLC*, No. 19-CV-4844, 2019 WL 4014730, at *1 (S.D.N.Y. Aug. 26, 2019) (intervention motion timely when filed "less than three months" after third party was notified).

Second, HCC asserts a substantial and legally protectible interest in this litigation, such that its inability to join this litigation would impair that interest. HCC argues that it has a valid contribution claim against Accelerant for the defense costs it has incurred in the underlying Fajardo Action because the Archer Parties should be defended and indemnified by Accelerant. Mot. at 4. With its claims succeeding or failing based on the validity of the Accelerant Policies, HCC argues that its interest is similar to those of intervenor defendant Continental and would be impaired absent intervention. *Id.* In its opposition, Accelerant does not appear to dispute that HCC has asserted an interest relating to the subject of this action. *See* ECF No. 58 ("Opp.").

To satisfy Rule 24(a)(2)'s second requirement—that the applicant asserts an interest relating to the property or transaction that is the subject of the action—the applicant must establish an interest in the litigation that is "direct, substantial, and legally protectable." *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010). Echoing my previous analysis finding that Continental had an interest in this action, HCC will bear the entire burden of defending

5

and indemnifying the Archer Parties if the Accelerant Policies are voided by a judgment in this action. *See* Intervene Op. at 7–8 (citing *Golden Ins. Co. v. PCF State Restorations, Inc.*, No. 17-CV-5390, 2018 WL 10593630, at *5–6 (S.D.N.Y. May 11, 2018) (concluding that insurer of additional insured had a direct interest in policy rescission action between named insured and its insurer)). HCC's "clear economic interest" in securing coverage under the Accelerant Policies easily qualifies as substantial and legally protectible. *Golden Ins. Co.*, 2018 WL 10593630, at *4.

As to the third requirement regarding the prospective intervenor's ability to protect its interest, denying intervention would substantially impair HCC's ability to vindicate its interest in the Accelerant Policies. *See id.* at *6 (finding the third prong of Rule 24(a)(2) satisfied where intervenor's claim "could be compromised" by the outcome of the litigation); *see also Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 132 (2d Cir. 2001) (finding third requirement satisfied "for the same reasons" as the second prong).

Rule 24(a)(2)'s fourth element requires the applicant to establish that its interest "is not adequately represented by the [present] parties." *XL Specialties Ins. Co.*, 632 F. App'x at 669. Referring to my previous opinion granting M&R and Continental's motion to intervene, HCC argues its interests are not represented by Big Apple, the named insured. Mot. at 5. In response, Accelerant contends that Intervenors have failed to establish Rule 24(a)(2)'s fourth element, as HCC shares intervenor defendants M&R and Continental's interests—in their role as additional insureds and insurers of additional insureds—in avoiding the rescission of the Accelerant Policies. Opp. at 3–5. Accelerant argues that M&R, one of HCC's insureds, is already a party to this action, and that Continental is similarly situated as a fellow insurer for parties claiming additional insured coverage under the Accelerant Policies. *Id.* at 4.

6

Although "the burden to demonstrate inadequacy of representation is generally speaking 'minimal,'" a "more rigorous showing of inadequacy" is required "where the putative intervenor and a named party have the same ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001). "Where there is an identity of interest . . . the movant to intervene must rebut the presumption of adequate representation by the party already in the action." *Id.* at 179–80.

As I analyzed in my previous opinion, *see* Intervene Op. at 11–13, I agree with Accelerant that HCC desires the same outcome as Big Apple, M&R, and Continental with respect to Accelerant's claims seeking to invalidate the Accelerant Policies. However, I find that HCC has rebutted the presumption of adequate representation raised by Continental's participation in this action. While they are both insurers seeking additional insured coverage, I find that they have different interests because they are providing coverage for different underlying actions. *See Maryland Cas. Co. v. W.R. Grace & Co.*, No. 88-CV-4337, 1996 WL 34154, at *2 (S.D.N.Y. Jan. 30, 1996) (holding that insurers "easily meet the minimal burden of showing that they are not adequately represented by other insurers in the case, which may have different policies"). HCC properly alleges that existing defendants will not adequately protect its interests as it relates to the Fajardo Action. *See In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 803 (2d Cir. 2022) ("Intervention under Rule 24(a)(2) is warranted when there is 'sufficient doubt about the adequacy of representation.'").

Since HCC has satisfied the four requirements for intervention as a matter of right, I grant HCC permission to intervene.

Moreover, even if HCC is not entitled to intervention as of right, I would nonetheless grant permissive intervention under Fed. R. Civ. P. 24(b)(2). Permitting intervention will promote

7

efficiency, because any judgment as to the validity and/or coverage of the Accelerant Policies rendered by this court after intervention will be *res judicata* as to HCC. This will avoid duplicative litigation of the Accelerant Policies in the pending state court declaratory action, which will require Accelerant, Big Apple, and HCC to present substantially the same evidence and arguments in another forum. Intervention would also prevent inconsistent judgments, which would occur if the State Court disagrees with this court regarding the validity of the Accelerant Policies. Finally, to Accelerant's concern that permitting intervention would transform this action "into a sprawling tort and additional insured dispute," Opp. at 1, more than four months have passed since I granted M&R and Continental's motion to intervene and no other motions to intervene have been filed. Taking into account all of the factors discussed above as to intervention as of right, as well as overarching considerations of economy and efficiency in resolving the parties' claims, I conclude that HCC should, in the alternative, be permitted to permissibly intervene in this action.

## CONCLUSION

For the reasons above, I grant HCC's motion to intervene in this lawsuit and to assert their proposed counterclaims against Accelerant.

SO ORDERED.

                                                         /s/
                                            Allyne R. Ross
                                            United States District Judge

Dated:  January 27, 2026
         Brooklyn, New York